Lawrence Borrowdale and Eugene F. Kwiecien, Plaintiffs-Appellees, v. Jesse Shepherd and Hillcrest Center, Inc., an Illinois Corporation, Defendants-Counter-Plaintiffs, Appellants, Percy Wilson Mortgage and Finance Corporation, an Illinois Corporation, Defendant-Counter-Defendant, Appellee.

Gen. No. 51,507.

First District, Third Division.

October 26, 1967.

1

Seymour R. Goldgehn and Crowley, Sprecher, Barrett & Karaba, of Chicago (Robert A. Sprecher, of counsel), for appellants.

Hubachek, Kelly, Miller, Rauch & Kirby, of Chicago (Richard W. Burke, of counsel), and J. S. Krakauer and Seymour Schriar, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The plaintiffs seek to recover a commission which they allege to be due pursuant to an oral contract with the defendant Hillcrest Center, Inc. and its president Jesse Shepherd, whereby plaintiffs were to procure mortgage financing for a contemplated shopping center. The jury returned a verdict for $28,000 against Hillcrest Center, Inc., but found Shepherd not guilty. Judgment was entered on the verdict and Hillcrest Center takes this appeal. Percy Wilson Mortgage and Finance Corporation (hereinafter referred to as the Wilson Corporation) was originally also named as a defendant, but was dismissed before trial. Hillcrest Center filed a counterclaim against the Wilson Corporation which was dismissed on motion.

Plaintiffs are mortgage brokers, and in December, 1956 Shepherd sought their aid in procuring financing in the sum of $1,600,000 for construction of a shopping center by Hillcrest Center near Joliet, Illinois. In January 1957 Shepherd as president of Hillcrest signed a written agree-

2

ment whereby Hillcrest authorized the plaintiffs to seek such a loan and promised to pay them one percent of the amount of the loan if they found a lender who would accept the application for loan within 60 days from the date thereof. No financing was found and no compensation is claimed on the basis of that contract. It is material only in that plaintiffs rest their case on its terms as having been incorporated by reference in a subsequent oral contract with the defendants. After the period of 60 days' limitation incorporated in the contract had expired, the plaintiffs heard that Hillcrest had obtained additional land for its proposed shopping center. This inspired a revival of activity on their part and in December, 1957, they met with Shepherd to discuss Hillcrest's new plans, for which mortgage financing in the sum of $2,800,000 would be required. Plaintiffs' claim is that it was at that time the oral contract was made which contained the same terms as the prior written contract.

On February 4, 1958, plaintiffs brought Shepherd to the Wilson Corporation and introduced him to its vice-president. At that time Shepherd signed a new loan application with the Wilson Corporation in which Hillcrest agreed to pay the Wilson Corporation two percent of the amount of the loan if financing were procured. After that meeting neither Shepherd nor Hillcrest had any dealings with the plaintiffs.

On July 24, 1958, more than six months after the meeting at which the alleged oral agreement was made, the Wilson Corporation had Hillcrest make an application for a loan to Massachusetts Mutual Life Insurance Co. A loan by the insurance company of $2,800,000 was approved on August 14, 1958. Hillcrest paid the agreed commission of 2% of $2,800,000, or $56,000, to the Wilson Corporation for obtaining the loan and Massachusetts Mutual paid the Wilson Corporation $12,000 as a finder's fee, which it turned over to Hillcrest as a credit against the commission.

3

Hillcrest contends that the trial court erred in not directing a verdict in its favor because the plaintiffs failed as a matter of law to perform the terms of the contract. The plaintiffs read the written contract into the record to show the terms of the oral contract on which suit was based. The last paragraph provides as follows:

"We agree to pay . . . one (1%) percent of the amount of the loan as your commission for negotiating this loan, *which commission shall be considered as earned upon the acceptance of this application by the lender at any time within sixty days from the date hereof.*" (Emphasis added.)

The oral agreement was made in December, 1957, but the loan was not accepted by the lender Massachusetts Mutual until August 14, 1958, far beyond the 60-day limitation. Plaintiffs' contact with Hillcrest ended on February 4, 1958, when they brought Shepherd to the Wilson Corporation and the new application for loan was agreed upon. Plaintiffs argue that interpretation of the contract was for the jury and since the verdict was in their favor, the jury must have interpreted the 60-day clause to mean something other than its plain and unambiguous language reveals. They also argue that the application made to Massachusetts Mutual on July 24, 1958, was the event which was to start the 60-day period running. No such interpretation can be derived from the language of the contract. It is clear and unambiguous on its face and therefore it was not within the province of the jury to place any other interpretation on it.

Plaintiffs also contend that defendants did not raise this point in the trial court and that consequently they failed to preserve the point for appeal. With this we cannot agree. The burden of proving the existence and performance of the contract was on the plaintiffs and it was incumbent on them to show that they had per-

4

formed within the 60-day period. Defendants preserved their point by raising it in their post-trial motions.

Plaintiffs adduced no evidence to show that they had performed within 60 days of the date of the application or to show that the condition of performance within 60 days had been waived. Since they explicitly state that they base their suit on an oral agreement which embodied the terms of the prior written contract containing the 60-day provision, the court erred in not directing a verdict for the defendants.

Defendants contend that it was error for the trial court to dismiss their counterclaim against the Wilson Corporation. That point becomes moot however as a result of our reversal of the judgment against Hillcrest Center.

Judgment reversed.

SULLIVAN, P. J. and DEMPSEY, J., concur.

### ON REHEARING

Having examined the petition for rehearing, the answers and the reply and having reconsidered the original briefs and arguments, we have decided to adhere to our opinion.

Judgment reversed.

DEMPSEY, P. J. and SULLIVAN, J., concur.